(129 P.3d 583)

No. 94,061

GREGORY STARR, INMATE NO. 59400, *Appellant*, v. L. E. BRUCE, WARDEN, *Appellee*.

Opinion filed December 23, 2005.

*Gregory Starr*, appellant pro se.

*Jon D. Graves*, special assistant attorney general, for appellee.

Before RULON, C.J., GREENE, J., and BRAZIL, S.J.

*Per Curiam*: Gregory S. Starr, inmate No. 59400 at Hutchinson Correctional Facility, appeals the district court's summary dismissal of his K.S.A. 2004 Supp. 60-1501 petition, arguing that he was

denied due process when placed in segregation without a disciplinary report being filed within 48 hours and when the disciplinary committee did not determine an informant's reliability. He also generally argues an insufficiency of evidence to support his disciplinary violations. We affirm.

After three steak knives and an unknown quantity of tobacco were found inside a prison wall, authorities monitored telephone calls and determined that Starr called his girlfriend and a recent parolee (using another inmate's personal identification number) to plan the introduction of this contraband into the prison. This information was confirmed by a jailhouse interview of the recent parolee, who admitted that he was involved with Starr's girlfriend and Starr's brother in the plan to throw contraband over the fence into the prison yard.

Starr was charged with and found guilty of introducing contraband into a penal facility and of three counts each of violating published orders against telephone access. On appeal to the Secretary of Corrections, the convictions were upheld with the exception of one telephone access conviction, which was dismissed. Starr appealed his remaining convictions to the district court pursuant to K.S.A. 2004 Supp. 60-1501, and the court summarily denied his petition.

The standard of review for an appeal from a K.S.A. 2004 Supp. 60-1501 petition is whether the factual findings by the district court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). Whether an individual's due process rights were violated is a question of law, and this court's review is unlimited. *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000). In Kansas, an inmate has the burden of proving a violation of his or her constitutional rights in a habeas proceeding. K.S.A. 2004 Supp. 60-1501.

Starr first contends prison officials placed him in segregation but did not write a disciplinary report within 48 hours as regulations require.

K.A.R. 44-13-201 provides:

"(a) A disciplinary proceeding shall be commenced upon the making of a charge by a disciplinary report.

. . . .

"(c) The disciplinary report shall be written within 48 hours of the offense, the discovery of the offense, or the determination following an investigation that the inmate is the suspect in the case and is to be named as defendant."

The record is unclear when the investigation concluded, but prison officials placed Starr in administrative segregation on July 23, 2004. The investigation report was filed August 18, 2004, and Starr received a copy the next day.

As to the claim that being placed in disciplinary segregation denied Starr due process, we have consistently held that such placement simply does not implicate due process rights. See, *e.g., Anderson v. McKune*, 23 Kan. App. 803, 807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997).

As to the claim that the disciplinary report was somehow untimely, the record fails to establish that the report was not written within 48 hours of "the determination following an investigation that the inmate is the suspect in the case and is to be named as defendant." K.A.R. 44-13-201(c). There is no evidence in the record that would enable us to determine the date that any such determination was made and thus no support for the allegation that the report was untimely under K.A.R. 44-13-201(a) and (c). Moreover, Starr's claim of an untimely report, without more, fails to state a cognizable claim. The mere fact that a hearing officer in a prison discipline case has not followed Department of Corrections procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail. *Hogue v. Bruce*, 279 Kan. 848, 855-56, 113 P.3d 234 (2005).

Next, Starr argues that the hearing officer used hearsay information from a confidential informant whose reliability was not independently ascertained. The record indicates, however, that there was no confidential informant, but rather a jailhouse interview with the recent parolee who corroborated the results of telephone mon-

itoring. We fail to comprehend any basis for Starr's argument and reject it as unsupported in the record.

Finally, Starr challenges the sufficiency of the evidence to support his convictions. For support of his challenge, Starr invites us to examine appendices to his appellate brief. Unfortunately, we are unable to consider such material where it has not been made a part of the record on appeal. Material appended to an appellate brief is not a substitute for the record and will not be considered. *In re Marriage of Brotherton*, 30 Kan. App. 2d 1298, 1300, 59 P.3d 1025 (2002). Examining the record on appeal, we are satisfied that Starr's convictions were adequately supported by the evidence. The hearing officer found that Starr talked to the recent parolee on the telephone using another inmate's PIN to gain access and officials had identified Starr's voice on a recorded call to the recent parolee. The investigating officer testified the recent parolee told investigators Starr took part in getting the contraband into the prison, and his description of the items matched what investigators found. It is well established that a conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Holmes*, 278 Kan. 603, 632, 102 P.3d 406 (2004). When an inmate challenges the sufficiency of evidence to support a prison disciplinary action, the discipline will be upheld if there is "some evidence" to support the disciplinary action. *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999).

We conclude that the district court's summary dismissal of Starr's petition was justified. Starr stated no cognizable claim of due process deprivation and his convictions were supported by some evidence, as required.

Affirmed.