NOT DESIGNATED FOR PUBLICATION

No. 117,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM H. SNAVELY,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed December 29, 2017. Affirmed.

*Troy A. Unruh*, of Wilbert and Towner, P.A., of Pittsburg, for appellant.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellee.

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: William H. Snavely, an inmate of the El Dorado Correctional Facility (EDCF), was discovered to be in possession of sharpened crochet hooks. After a prison disciplinary hearing, Snavely was found guilty of violating K.A.R. 44-12-208 relating to the alteration or misuse of state property. Snavely challenged the finding by filing a K.S.A. 60-1501 habeas corpus petition in district court. After holding an evidentiary hearing, the district court dismissed Snavely's petition.

1

Snavely appeals the dismissal of his petition, claiming that the denial of his request for witness testimony at the disciplinary hearing violated his due process rights and that he was wrongfully convicted of violating K.A.R. 44-12-208.

We find no due process violation and further find that some evidence would support the finding that Snavely violated K.A.R. 44-12-208. The judgment of the district court dismissing the K.S.A. 60-1501 habeas corpus petition is affirmed.

*Factual and Procedural Background*

As noted above, Snavely is an inmate at EDCF. On June 22, 2014, a corrections officer discovered Snavely in possession of several crochet hooks which had been altered by sharpening them to a point. Two of the crochet hooks were approximately six inches long and several were broken. Snavely was also in possession of four plastic needles that had also been sharpened to a point. Snavely initially received a disciplinary report alleging that he possessed dangerous contraband in violation of K.A.R. 44-12-901. However, after it was determined that he was using the altered hooks for knitting and not as a weapon, the charge was amended to a violation of K.A.R. 44-12-208 which pertains to alteration or misuse of state property.

During the disciplinary hearing, Snavely denied personally altering the crochet hooks and testified that his bunkmate had sharpened the hooks in a pencil sharpener. Snavely further testified that he had shown the crochet hooks to EDCF staff member Mental Health Activities Specialist Hines after his bunkmate had altered them. Hines, however, testified that she had never seen the altered hooks until they were shown to her after being confiscated from Snavely. Snavely then claimed that he did not realize that the hooks could not be altered or modified.

2

In finding Snavely guilty of violating K.A.R. 44-12-208, the hearing officer noted: "Due to Snavely being in possession of altered crochet hooks which were assigned to him and in his control and his admitting to having them, I find Snavely guilty of being in possession of altered state property that was altered while in his possession and his control." Snavely was sentenced to seven days in disciplinary segregation, which was suspended, and assessed a $5 fine. Snavely appealed his conviction to the Secretary of Corrections who upheld the hearing officer's judgment.

Snavely thereafter filed petitions for a writ of habeas corpus pursuant to K.S.A. 60-1501, first on November 26, 2014, and again on March 6, 2015. The district court determined that Snavely's petitions asserted four claims: (1) the hearing officer was biased; (2) he was improperly denied witnesses during his disciplinary hearing; (3) his property was seized or destroyed; and (4) he was wrongfully convicted of altering or misusing state property. The district court consolidated the petitions for an evidentiary hearing which was commenced on January 6, 2016.

The district court first determined that Snavely failed to show that the hearing officer was biased or his property was wrongfully seized. (These issues are not included in Snavely's appeal to this court.) The court directed the parties to address the issue of denial of Snavely's requested witnesses. Snavely testified that he made a written request for four witnesses to testify at the disciplinary hearing: staff members ASI Jeffrey and CSII Farmer, and two inmates, Douglas and Derrit. The hearing officer determined that the proposed testimony of Jeffrey and Farmer would be irrelevant and so notified Snavely. Snavely had requested the two inmates testify in writing but received no response from the hearing officer. At the district court hearing, the hearing officer confirmed the reason for denial of the inmate testimony was not included in the record of the hearing but testified the proposed testimony that inmate Douglas had permission to have sharpened crochet hooks was not relevant to the question of whether Snavely possessed or altered hooks.

3

The district court denied the relief requested by Snavely's petition for habeas corpus, noting in the journal entry:

> "The hearing officer may have erred by not noting the denial of a requested witness in the record, but it is the Court's determination that the expected testimony of the witness was not relevant to the charge and the denial was based upon the sound judgment of the hearing officer. The omission was harmless. The facts supported and some evidence supporting the conviction. Any error referencing the appropriate Kansas Administrative Regulation number was harmless."

Snavely timely appealed from the district court's judgment and raises two basic issues.

*Denial of Requests for Witness Testimony*

Snavely first contends his due process rights under the Fourteenth Amendment to the United States Constitution were violated when he was improperly denied the right to call witnesses at his disciplinary hearing.

The issue of whether a petitioner under K.S.A. 60-1501 has been denied due process is a question of law over which we exercise unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). We first note that Snavely was assessed a $5 fine in the instant case which, even though a minimal amount, constitutes a deprivation of property, thereby implicating examination under the Due Process Clause. See *Washington v. Roberts*, 37 Kan. App. 2d 237, 240-41, 152 P.3d 660 (2007). Our next task is then to determine the extent and nature of the process due. *Hogue*, 279 Kan. at 851.

4

The Kansas Supreme Court has determined:

> "Due process procedures in prison disciplinary hearings include an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence." *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 6, 24 P.3d 128 (2001).

The right of an inmate to call witnesses is critical because most disciplinary hearings turn on issues of fact. *Washington*, 37 Kan. App. 2d at 245; see *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct 2963, 41 L. Ed. 2d 935 (1974).

Under K.A.R. 44-13-101(c)(5), an inmate is entitled to have witnesses called to testify on his or her behalf at a disciplinary hearing subject to certain limitations. When determining whether to allow an inmate to call another inmate or prison employee to testify, the hearing officer must "balance the inmate's interest in avoiding loss of good time and assessment of a fine or placement in disciplinary segregation against the needs of the facility." K.A.R. 44-13-405a(a). The hearing officer has broad discretion in determining whether to grant or deny an inmate's witness request. K.A.R. 44-13-405a(b). The hearing officer can deny the request if the testimony would be irrelevant, immaterial, or repetitious. K.A.R. 44-13-307(b).

The United States Supreme Court has held the "Due Process Clause of the Fourteenth Amendment requires that prison officials at some point state their reason for refusing to call witnesses requested by an inmate at a disciplinary hearing." *Ponte v. Real*, 471 U.S. 491, 492, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985). However, to comply with due process the reasons are not required to be "placed in writing or otherwise exist as a part of the administrative record at the disciplinary hearing." *Ponte*, 471 U.S. at 492. The explanation may be made through testimony presented in court when the decision is

5

challenged: "In other words, the prison officials may choose to explain their decision at the hearing, or they may choose to explain it 'later.'" *Ponte*, 471 U.S. at 497.

K.A.R. 44-13-307(c) provides the "denial of a request for witness shall be documented, including the reason or reasons for the denial, either on the request form or in the disciplinary case record." Here, the record reveals the hearing officer complied with K.A.R. 44-13-307(c) with regard to Snavely's request for the testimony of staff members Jeffrey and Farmer by recording the reasons for denial on the witness request form. However, the hearing officer did not document the reasons for denying the request for testimony from inmates Douglas and Derrit on either the witness request form or in the disciplinary case record.

The deviation from an administrative regulation does not constitute a per se due process violation. *Hogue*, 279 Kan. at 855. Here, Snavely's due process right to have reasons for denial of his requested witnesses was preserved by the hearing officer's testimony during the district court hearing explaining why the proposed testimony of the two inmates was irrelevant. *Ponte*, 471 U.S. at 497. Thus, the failure to comply with the letter of K.A.R. 44-13-307(c) did not rise to a due process violation.

This does not get the hearing officer completely off the hook—we must still examine "whether the hearing officer acted within his or her discretion in refusing to call a witness whose testimony would not be relevant or material." *Jones v. Heimgartner*, No. 113,129, 2015 WL 5036977, at *4 (Kan. App. 2015) (unpublished opinion). "[T]here must be a factual basis to support the reasons given by prison officials which satisfies the prison officials' burden of persuasion." *Hogue*, 279 Kan. at 854; see *Frost v. McCune*, 44 Kan. App. 2d 661, 664, 239 P.3d 900 (2010).

The testimony of the four witnesses Snavely requested was not relevant to Snavely's disciplinary proceeding. First, Snavely requested to have inmates Douglas and

6

Derrit testify because they were present when inmate Douglas obtained permission to keep a sharpened crochet hook a week after Snavely received the disciplinary report. Snavely was charged under K.A.R. 44-12-208, which states: "No inmate shall destroy, damage, deface, alter, misuse, or fail to return when due any article of property owned by the state." Whether another inmate was allowed to keep altered state property is not relevant to whether Snavely in fact altered state property in violation of K.A.R. 44-12-208. As such, the hearing officer correctly determined the two inmates' testimonies were irrelevant.

Similarly, the testimony Snavely wished to obtain from staff member Jeffrey was irrelevant. In his witness request form, Snavely requested staff member Jeffrey to testify because he sent her the forms requesting certain knitting supplies. The hearing officer provided the written explanation that the testimony was denied because it was irrelevant to the alleged violation of altering state property. Then at the district court hearing on Snavely's habeas corpus petition, Snavely further explained that he wanted Jeffrey to testify because she initiated the investigation which resulted in the discovery of the altered crochet hooks. However, what knitting supplies Snavely was allowed to have or how the search of Snavely was instigated has no relevance to whether Snavely altered or misused state property. Therefore, the hearing officer was again correct to conclude that Jeffrey's testimony would be irrelevant.

Finally, Snavely requested staff member Farmer to testify because she signed the disciplinary report. On his request form to present Farmer's testimony, Snavely states her testimony was relevant because he was "denied due process of K.A.R. 44-13-201(c)(1)." The hearing officer denied the request for Farmer's testimony after finding the testimony was irrelevant because "Snavely was not denied due process."

Snavely's claim here is that the disciplinary report completed by Farmer was untimely because staff member Hines had prior knowledge of the altered hooks and had

7

not filed a disciplinary report. But the record shows, and it is uncontroverted, the disciplinary report made by Farmer was written and timely served on Snavely on the same day the hooks were discovered and confiscated. Hines testified that the first time she saw the altered hooks was after they were confiscated from Snavely.

The hearing officer, by his written responses and his testimony in district court, satisfied the burden to show that the reasons the witness requests were denied were not arbitrary and existed at the time of the disciplinary hearing. Snavely has failed to establish his claimed due process violation.

*Violation of K.A.R. 44-12-208*

Snavely also contends he was denied due process because the hearing officer wrongfully found him guilty of violating K.A.R. 44-12-208. Although couched in terms of a claimed constitutional violation, this claim more properly raises an issue of the sufficiency of the evidence and a question of interpretation of the administrative regulation.

In the context of a disciplinary proceeding, judicial review of the evidence supporting a disciplinary sanction is limited.

> "[D]ue process is satisfied in the context of an inmate disciplinary proceeding if there is any evidence in the record, even evidence which could be characterized as meager, that could support the conclusion of the disciplinary authority. Due process does not require that the evidence preclude other possible outcomes or conclusions, only that the evidence provides some support for the conclusion reached by the disciplinary authority such that the decision is not arbitrary." *May v. Cline*, 304 Kan. 671, 674-75, 372 P.3d 1242 (2016).

Snavely admitted he possessed the altered crochet hooks. Although he denied personally altering the hooks, he does not deny that he allowed and observed his

8

bunkmate altering the hooks by sharpening them in a pencil sharpener. Thus, the evidence the hooks were altered while in his possession and he remained in possession of the altered hooks constitutes some evidence he violated K.A.R. 44-12-208 by altering the crochet hooks. Although this is circumstantial evidence, "[i]t is well established that a conviction of even the gravest offense may be sustained by circumstantial evidence." *Starr v. Bruce*, 35 Kan. App. 2d 11, 14, 129 P.3d 583 (2005).

Snavely argues the hearing officer's findings are inadequate as a matter of law since K.A.R. 44-12-208 does not preclude possession of altered property and only prohibits the actual alteration of the property. He argues that neither the hearing officer's decision nor the district court's opinion specifically found Snavely personally altered the crochet hooks.

We reject Snavely's contention that he was wrongfully convicted. Granted that K.A.R. 44-12-208 does not specifically refer to "possession" as a violation, a common sense reading of the regulation would logically imply that if it is a violation to alter state property, it is also a violation to possess and control such altered property.

More pertinent to the instant inquiry, acceptance of Snavely's argument would require us to ignore or negate the principles of "aiding and abetting" or "procuring" upon which a person is deemed equally responsible for the actual offense committed by another. Here, some evidence, including Snavely's own admissions, would support the conclusion that Snavely, at the very least, procured or aided and abetted the sharpening of the crochet hooks by his bunkmate. The hearing officer's conclusion focuses on the key phrase "altered while being in his possession and control," not simply on Snavely's subsequent possession. Thus, the findings of the hearing officer can be reconciled to support "by some evidence" a violation of K.A.R. 44-12-208, and Snavely was not wrongly convicted nor denied due process.

9

Snavely failed to establish grounds for the relief requested in his K.S.A. 60-1501 petition and the district court properly dismissed the action.

Affirmed.