No. 92,050

JOHNNY HOGUE, *Appellant,* v. LOUIS BRUCE, *et al.*, *Appellees.*

113 P.3d 234

Opinion filed June 3, 2005.

*Johnny Hogue,* appellant pro se.

*Julie St. Peter,* of the Kansas Department of Corrections, for appellees.

The opinion was delivered by

LUCKERT, J.: Inmate Johnny Hogue filed a habeas corpus petition challenging discipline imposed in absentia for violations of prison regulations. We granted Hogue's petition for review of the Court of Appeals' decision affirming the district court's summary denial of his petition. On review we consider the issues of: (1) whether Hogue's procedural due process rights were denied when the disciplinary hearing was conducted without Hogue present; (2) whether Hogue was denied due process when the hearing officer ordered disciplinary segregation for 46 days rather than the 45 days as provided by K.A.R. 44-12-1301(b)(1); and (3) whether Hogue's due process rights were violated when his appeal was delayed because it was twice lost by the Department of Corrections.

On May 28, 2003, while Johnny Hogue was an inmate at the Hutchinson Correctional Facility, he was charged with violations of K.A.R. 44-12-304 for disobeying orders and K.A.R. 44-12-319 for incitement to riot. Hogue was served with a disciplinary summons and the report on May 30, 2003, but he tore up the documents and flushed them down the toilet. A plea of not guilty was entered on his behalf. On May 31, 2003, Hogue filed a request to have witnesses present at the disciplinary hearing. On June 6, 2003, a disciplinary hearing was held without Hogue's presence. According to the hearing report, the hearing was held in absentia because Hogue had torn up his first copy of the disciplinary report and was "disruptive and uncooperative with the disciplinary process."

After reviewing the report and hearing testimony from the reporting officer, the disciplinary hearing officer found Hogue guilty of violating K.A.R. 44-12-304 and 44-12-319. The disciplinary hearing officer imposed a sanction of 14 days' disciplinary segregation, 30 days' restriction, and a $20 fine for violation of K.A.R. 44-12-304; and 46 days' disciplinary segregation, 60 days' restriction, 6 months' loss of good time, and a $20 fine for violation of K.A.R. 44-12-319. Hogue appealed the guilty findings and the sanctions to the Secretary of Corrections. His appeal was initially misplaced but ultimately located and considered by the Secretary, who, on September 22, 2003, affirmed the hearing officer's decision after determining it was based on some evidence.

On October 31, 2003, Hogue filed a petition for writ of habeas corpus in the district court pursuant to K.S.A. 2004 Supp. 60-1501. The district court summarily denied Hogue's petition, and Hogue timely appealed. The Court of Appeals affirmed, ruling that some evidence supported the finding of conduct violations which subjected Hogue to discipline and that Hogue's constitutional rights were not violated. *Hogue v. Bruce*, No. 92,050, unpublished opinion filed September 17, 2004.

K.S.A. 60-1503 authorizes the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." To avoid summary dismissal the allegations must be of a constitutional stature. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998). In determining if this standard is met, courts must accept the facts alleged by the inmate as true. *Foy v. Taylor*, 26 Kan. App. 2d 222, 223, 985 P.2d 1172, *rev. denied* 268 Kan. 886 (1999).

Hogue couches each of his claims as violations of due process. The issue of whether due process has been afforded is a question of law over which we have unlimited review. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001).

We first consider Hogue's claim of a violation of his procedural due process right to be present at his disciplinary hearing. A determination of the validity of this claim requires a two-step analysis. The first inquiry is whether the State has deprived Hogue of life,

liberty, or property. If there has been a deprivation through State action, we must next determine the extent and nature of the process which is due. *Amos v. Nelson*, 260 Kan. 652, 663-64, 923 P.2d 1014 (1996).

In this case, the disciplinary action clearly implicated a liberty interest by depriving Hogue of 6 months of the good time credit which he had earned as provided for in K.S.A. 2004 Supp. 21-4722(a)(2) (allowing credit "which can be earned by an inmate and subtracted from any sentence") and K.A.R. 44-6-101 *et seq. Pierpoint*, 271 Kan. at 627; see *Wolff v. McDonnell*, 418 U.S. 539, 557, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974).

We next consider the nature and extent of the process which was due. See *Amos*, 260 Kan. at 663-64. Due process " 'is not a technical conception with a fixed content unrelated to time, place, and circumstances.' " *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895, 6 L. Ed. 2d 1230, 81 S. Ct. 1743 (quoting *Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 162-63, 95 L. Ed. 817, 71 S. Ct. 624 [1951]). With regard to prison disciplinary proceedings, the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. at 553-56, recognized that there must be "mutual accommodation between institutional needs and objectives" and the prisoner's rights. The Court concluded "the full panoply of rights due a defendant in [criminal] proceedings does not apply," 418 U.S. at 556 and identified the limited rights which do apply in prison disciplinary proceedings. We have previously listed those rights recognized in *Wolff* as including: "an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence." *Pierpoint*, 271 Kan. at 627.

Although *Wolff* did not explicitly refer to an inmate's right to attend the disciplinary hearing, such a right is implicit in the inmate's right to call witnesses and present evidence. An inmate's presence at the disciplinary hearing allows the inmate to observe and participate in the proceedings and provides a check on the authority of the disciplinary body, thus serving the goals of due process identified by the Court in *Wolff*, which are to ensure fun-

damental fairness and protect against arbitrary governmental action. *Wolff,* 418 U.S. at 564; see *Battle v. Barton,* 970 F.2d 779, 782 (11th Cir. 1992), *cert. denied* 507 U.S. 927 (1993); *Moody v. Miller,* 864 F.2d 1178, 1180 (5th Cir. 1989).

However, as noted by the Court of Appeals panel in this case, the right to be present at the hearing is not absolute and may be limited by the competing concerns of maintaining institutional safety and other correctional goals. See *Battle,* 970 F.2d at 782 (citing *Ponte v. Real,* 471 U.S. 491, 497, 85 L. Ed. 2d 553, 105 S. Ct. 2192 [1985]). Kansas law recognizes the wide discretion vested in prison officials who are charged with the control and administration of the state's penal institutions. For example, K.A.R. 44-13-101(c)(2) expressly gives an inmate the right to be present at a disciplinary hearing but also states that the right is subject to the limitations and guidelines set out in the regulations and subject to the control of the hearing officer within the parameters of the regulations. K.A.R. 44-13-403(d) provides that "[i]f the inmate is disruptive or refuses to be present, the hearing may proceed in absentia, and the record shall indicate the reason or reasons for the inmate's absence."

In this case, the Court of Appeals cited these provisions, recognized the discretion of prison officials in executing internal prison policies, and concluded that "the hearing officer did not allow Hogue to be present at the hearing because Hogue had torn up the copy of the report served on him, was disruptive and uncooperative with the disciplinary process, and planned to be disruptive at the hearing." Slip op. at 6.

Hogue attached as an exhibit to his petition the "Disposition and Hearing Record" form, which was marked to indicate the hearing was held in absentia because "[i]nmate had torn up the first copy of the report; was very disruptive and uncooperative." It is also noted on the form: "The above named inmate while being served the first copy of the report tore it up and flushed it down the toilet. Inmate was disruptive and uncooperative with the disciplinary process." There is nothing on the form to indicate that the hearing officer had evidence that Hogue planned to be disruptive at the

hearing. The only evidence cited was Hogue's actions 7 days before the hearing.

In his petition for review, Hogue argues that the prison officials should not be allowed to reach the conclusion he was disruptive based upon his conduct 7 days before the hearing. He states that while he was initially upset, he then complied with the disciplinary process by requesting to have witnesses present.

Our consideration of this argument is guided by the standard of review adopted by the United States Supreme Court in *Ponte*. The Court held that prison officials are required, when challenged, to justify why they denied a prisoner some aspect of procedural due process. *Ponte*, 471 U.S. at 497. "[S]o long as the reasons are logically related to preventing undue hazards to 'institutional safety or correctional goals,' the explanation should meet the due process requirements as outlined in *Wolff*." *Ponte*, 471 U.S. at 497. In reaching that holding, the Court rejected the position that the burden of proof was on the inmate to show why the action of the prison officials in refusing to call witnesses was arbitrary or capricious. The Court noted:

"Given [the] significant limitations on an inmate's right to call witnesses, and given our further observation in *Wolff* that '[w]e should not be too ready to exercise oversight and put aside the judgment of prison administrators,' [citation omitted], it may be that a constitutional challenge to a disciplinary hearing such as respondent's in this case will rarely, if ever, be successful. But the fact that success may be rare in such actions does not warrant . . . [placing] the burden of proof on the inmate to show why the action of the prison officials in refusing to call witnesses was arbitrary or capricious. These reasons are almost by definition not available to the inmate." *Ponte*, 471 U.S. at 499.

Thus, the "burden of persuasion as to the existence and sufficiency of such institutional concerns is borne by the prison officials, not by the prisoners." *Grandison v. Cuyler*, 774 F.2d 598, 604 (3d Cir. 1985); accord *Battle*, 970 F.2d at 783. This burden may be satisfied "either by making the explanation a part of the 'administrative record' in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing." *Ponte*, 471 U.S. at 497.

In this case, because the trial court summarily denied Hogue's petition, we are limited to an examination of the administrative record to determine if prison officials met their burden of persuasion by stating reasons which are logically related to preventing undue hazards to institutional safety or correctional goals.

The reason stated by the hearing officer, that Hogue was disruptive and uncooperative, is, at least facially, logically related to institutional concerns regarding safety. However, simply asserting the existence of an institutional concern is not sufficient. In *Ponte,* the United States Supreme Court noted that it was necessary to demand an explanation from prison officials because to not do so "would change an admittedly circumscribed right into a privilege conferred in the unreviewable discretion of the disciplinary board." *Ponte,* 471 U.S. at 498; see *Shepherd v. Davies,* 14 Kan. App. 2d 333, 337-38, 789 P.2d 1190 (1990) (trial court improperly dismissed an inmate's habeas corpus petition without a hearing where prison officials failed to provide a rationale for denying the inmate's request to call witnesses). The same conclusion applies to a justification which is not factually based. In other words, the justification cannot be arbitrary. *Turner v. Caspari,* 38 F.3d 388, 391 (8th Cir. 1994). Therefore, there must be a factual basis to support the reasons given by prison officials which satisfies the prison officials' burden of persuasion as to the sufficiency of the concern.

Although the Court of Appeals mentioned that Hogue planned to be disruptive and, in his pleading, Hogue states he was told that another inmate informed officials that Hogue had such plans, the hearing report does not reflect that the hearing officer had this information or relied upon that evidence. The only evidence in the scant record before us is Hogue's actions 7 days before the hearing, and that is not evidence that Hogue planned to be or actually was disruptive at the hearing.

Therefore, Hogue's petition does show that he may be entitled to relief, and a writ should issue pursuant to K.S.A. 60-1503, after which an answer may be filed stating the reasons for the prison officials' conclusion that Hogue was disruptive. See K.S.A. 60-1505(a); *Ponte,* 471 U.S. at 499 (in camera review of prison official's

justification permissible if required by "prison security or similar paramount interests").

Hogue makes two additional arguments which are without merit. First, Hogue claims that his constitutional rights were violated because the sanctions imposed upon him exceeded those allowed by K.A.R. 44-12-1301(b)(1). Under K.A.R. 44-12-1301(b)(1), the penalty for a class I offense includes disciplinary segregation not to exceed 45 days. Hogue was ordered to serve 46 days of disciplinary segregation for violating K.A.R. 44-12-319, a class I offense; therefore, his punishment was greater than allowed by the regulations.

Again, to avoid summary dismissal, Hogue must allege facts which support a constitutional violation. In *Amos*, this court held that the discipline imposed must represent "a significant and atypical hardship on the prisoner which was not contemplated within the realm of conditions of the original sentence. If it does not, there is no due process violation. See *Davis v. Finney*, 21 Kan. App. 2d [547, 558-59, 902 P.2d 498 (1995)]." 260 Kan. at 666.

Although we question the practice of the Department of Corrections in deviating from its regulation without stated reasons, we find that being required to serve one extra day in disciplinary segregation beyond what was authorized by regulation does not constitute a significant and atypical hardship on the prisoner as described in *Amos*; therefore, we find Hogue's due process rights were not violated.

Second, Hogue argues that his constitutional rights were violated when the Department of Corrections twice lost his appeal. Under K.A.R. 44-13-703(e)(2), the unit team is required to forward an inmate's disciplinary appeal to the institution's disciplinary administrator within 2 days. That did not occur in this case because Hogue's appeal was misplaced. However, his appeal was ultimately located and considered by the Secretary of Corrections.

In *Anderson v. McKune*, 23 Kan. App. 2d 803, 811, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997), the Court of Appeals held:

"The mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that

rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail."

The Court of Appeals panel in this case relied on *Anderson* in finding that Hogue had failed to show how he was prejudiced or his constitutional rights violated by the delay caused when the Department of Corrections lost his appeal. Slip op. at 8. We agree with the Court of Appeals on this point and find that Hogue's rights were not violated.

Accordingly, no further proceedings are warranted on the issues regarding the additional day of disciplinary segregation and the failure to follow the procedure for appeal. These claims were appropriately dismissed summarily, and we affirm the district court and Court of Appeals on these issues. However, on the issue of whether Hogue's due process rights were violated by conducting the disciplinary hearing in absentia, we reverse and remand with directions that the district court grant Hogue's petition and conduct additional proceedings to determine whether Hogue's due process rights were violated when the disciplinary hearing was conducted in absentia.

Judgment of the Court of Appeals affirming the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed in part, reversed in part, and remanded with directions.

LOCKETT, J., Retired, assigned.