NOT DESIGNATED FOR PUBLICATION

No. 113,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT D. WHEELER,
*Appellant,*

v.

KANSAS PRISONER REVIEW BOARD
and
WARDEN JAY SHELTON,
*Appellees.*

MEMORANDUM OPINION

Appeal from Norton District Court; PRESTON PRATT, judge. Opinion filed December 18, 2015. Reversed and remanded with directions.

*Melissa M. Schoen*, of Norton, and *Brett D. Wheeler*, pro se, for appellant.

*John Wesley Smith*, assistant attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*:  Brett D. Wheeler appeals the summary denial of his K.S.A. 60-1501 petition for habeas corpus relief. Our review of the record reveals factual disputes involving Wheeler's alleged parole violation that deny this matter from being ripe for a summary dismissal. Reversed and remanded for an evidentiary hearing on the merits of Wheeler's claim.

1

Wheeler was paroled on June 2, 2014. As part of his conditions of release, Wheeler agreed to not "engage in assaultive activities, violence, or threats of violence of any kind, threatening or intimidating behaviors, or lewd and lascivious behaviors." Two days later, Wheeler's mother called the police because Wheeler was destroying items within her home. Wheeler was not in his mother's home when officers arrived, but he was eventually found and taken into custody.

On June 13, 2014, Wheeler received notice he was being charged with violating the personal conduct condition of his parole. The preliminary hearing was scheduled for 3 days later. At the preliminary hearing, the hearing officer found probable cause on the personal conduct violation.

Wheeler's final revocation hearing was held on September 11, 2014. Wheeler's mother testified at the hearing. She also sent the Kansas Prisoner Review Board (Board) a letter indicating he was not violent or assaultive toward her. After the hearing, Wheeler received a violation hearing action notice indicating the Board found him guilty of violating the personal conduct condition of parole and revoked his parole.

Wheeler timely filed a petition for habeas corpus relief with the Norton County District Court. The Board filed an answer and a motion to dismiss based on K.S.A. 2014 Supp. 60-1505(a). The district court granted the Board's motion for dismissal. Wheeler timely filed a motion for new trial. The district court denied Wheeler's motion. Wheeler timely appeals both the district court's dismissal of his petition and the denial of his motion for new trial.

ANALYSIS

*The district court improperly granted the Board's motion to dismiss.*

Wheeler argues his due process rights were violated when the Board failed to provide the reason for revoking his parole and to detail the evidence it relied upon. Wheeler also argues summary dismissal was inappropriate because the facts establishing the parole violation were controverted. Wheeler's first argument is meritless. However, because the facts establishing a parole violation were controverted, the district court erred when it summarily dismissed Wheeler's petition.

To maintain a K.S.A. 2014 Supp. 60-1501 action, a prisoner must assert the deprivation of a constitutional right. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997). The petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). If "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate." K.S.A. 2014 Supp. 60-1505(a). Appellate courts exercise de novo review of a summary dismissal. *Johnson*, 289 Kan. at 649.

> *Wheeler was notified of his alleged parole violations and why his parole was revoked.*

In *Morrissey v. Brewer*, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), the United States Supreme Court held due process is satisfied when the parolee is given:

> "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and

3

documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

Wheeler argues the Board violated *Morrissey* and K.A.R. 44-9-502(g) when it failed to provide him a written statement detailing the evidence relied upon for revoking his parole. However, the action notice indicates that at the revocation hearing the Board considered the following evidence:

- An OMIS Face Sheet;
- A KASPER printout;
- The violation report;
- Wheeler's testimony;
- Wheeler's mother's testimony;
- An affidavit from police; and
- A letter from Wheeler's mother.

Wheeler received a copy of the violation hearing action notice on October 13, 2014. Thus, Wheeler received a written statement indicating the evidence relied upon for revoking his parole. The district court did not err when it found the Board provided Wheeler a statement of the evidence relied upon in accordance with K.A.R. 44-9-502(g).

Similarly, Wheeler argues the Board violated *Morrissey* and K.A.R. 44-9-502(g) when it failed to provide a written statement detailing the reasons for revoking his parole. In his supplemental brief, Wheeler also argues K.A.R. 44-9-502(g) requires the reasons for revoking parole appear in the action notice after the evidence relied upon to revoke parole. K.A.R. 44-9-502(g) reads: "If the offender's release or assignment to house

4

arrest is revoked, a written statement as to the evidence relied upon and reasons for revoking the release or assignment to house arrest shall be given to the offender by the board." When a regulation's meaning is clear from its plain language, a court should give the regulation its plain-language meaning. *L.E.H. v. Kansas Dept. of SRS*, 44 Kan. App. 2d 798, 803, 241 P.3d 167 (2010). The regulation's language does not require the evidence relied upon to revoke parole precede the reasons for revoking parole. Wheeler's argument is without merit.

The action notice indicates the Board found Wheeler guilty of violating the personal conduct condition of his release. Parole may only be revoked after a violation is established. See K.A.R. 44-9-502. As the personal conduct violation was the only violation charged, it must be the reason parole was revoked. The Board complied with K.A.R. 44-9-502(g) because it provided Wheeler with a written statement of the evidence it relied upon to revoke his parole and provided Wheeler with the reasons for the revocation, violation of the personal conduct condition of his release.

Wheeler cites to *Cauthon v. Kansas Parole Board*, No. 70,723 (Kan. App.) (unpublished opinion), *rev. denied* 255 Kan. 1000 (1994), to illustrate how K.A.R. 44-9-502(g) should be applied to final parole revocation hearings. However, *Cauthon* is distinguishable in that the panel was dealing with the issues of passing over someone for parole eligibility. Here, we have the Board deciding whether Wheeler's parole should be revoked.

*The district court erred when it found the parole violation was established by a preponderance of the evidence.*

Wheeler argues the Board denied him due process rights when it revoked his parole without establishing the violation by a preponderance of the evidence. Revocation

5

of parole involves a liberty interest protected by the Fourteenth Amendment to the United States Constitution. *Morrissey*, 408 U.S. at 482.

On appeal, the Board argues Wheeler failed to show its decision was without foundation in fact. The Board argues the district court's dismissal was appropriate since Wheeler had not shown the Board abused its discretion, quoting *Johnson v. Strucker*, 203 Kan. 253, 260, 453 P.2d 35 (1969). In *Strucker*, the Kansas Supreme Court held "[t]he board is presumed to have had before it information which warranted the order of revocation, and its determination of the matter is conclusive unless the prisoner can prove by a preponderance of the evidence the board's action was arbitrary and capricious." 203 Kan. at 260. In its order of dismissal, the district court also cited *Strucker* and relied on an abuse of discretion standard of review. In *Strucker* and the other cases cited by the Board and the district court, the petitions were not summarily dismissed; the petitions were dismissed after evidentiary hearings. As such, these cases do not cite the appropriate standard of review for a summary dismissal.

Instead, "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," summary dismissal is appropriate. *Johnson*, 289 Kan. at 648-49. Courts must accept an inmate's factual allegations as true when determining whether this standard is met. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Wheeler was found guilty of "behaving in a violent and assaultive manner towards" his mother. He was only charged with violating the personal conduct condition of parole, and his mother was the only alleged victim. Wheeler alleges his mother was the only other person at the residence when the alleged parole violation occurred. The record contains numerous letters from Wheeler's mother indicating she was never afraid of Wheeler and he did not threaten, insult, or behave violently toward her. By their very

6

nature, Wheeler's mother's letters controvert the Board's finding Wheeler behaved in a violent and assaultive behavior toward her. Since Wheeler alleges the parole violation was not supported by a preponderance of the evidence, and the victim claims she was not a victim, the facts in the record were controverted. The district court erred when it summarily dismissed Wheeler's petition.

Since we are remanding this matter, we deem it unnecessary to address Wheeler's complaints the district court abused its discretion in denying his motion for new trial.

Reversed and remanded with directions.