NOT DESIGNATED FOR PUBLICATION

No. 114,731

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN MANIS,
*Appellant,*

v.

RAY ROBERTS, *et al.*,
*Appellees.*


MEMORANDUM OPINION


Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed May 6, 2016. Affirmed in part, reversed in part, and remanded with directions.


*Brian Manis*, appellant pro se.


*Michael J. Smith*, of Kansas Department of Corrections, for appellees.


Before MCANANY, P.J., PIERRON AND SCHROEDER, JJ.


*Per Curiam*:  Brian Manis appeals the summary disposition of his K.S.A. 2015 Supp. 60-1501 petition. Manis claims there was insufficient evidence to support his disciplinary conviction and the hearing officer denied him the right to call witnesses or challenge the amount of the restitution order. The record reflects there was some evidence presented to support his disciplinary conviction and he was provided his due process right to call witnesses, just not all the witnesses he wanted. The record supports Manis' assertion that he was not provided the opportunity to challenge the amount of restitution ordered. Affirmed in part, reversed in part, and remanded for a hearing on the amount of restitution.

FACTS

On June 22, 2015, Manis, an inmate at the El Dorado Correctional Facility, attempted to take his mattress and pillow with him as he moved to a new cell. A correctional officer stopped him and found Manis' mattress was actually two mattresses which had been sewn together by hand.

The correctional officer prepared a disciplinary report, charged Manis with misuse of State property, and requested $87.10 in restitution to repair damage to the mattresses. Manis received a copy of the disciplinary report on June 22, 2015. Manis requested two witnesses testify at his disciplinary hearing—his cellmate, Bradley Porter, and the correctional officer who gave Manis permission to switch mattresses. The hearing officer approved Manis' request for Porter, but denied his request to have the correctional officer testify because the officer "did not see the mattress when it was moved."

At the disciplinary hearing held 2 days later, Manis admitted he had the mattresses which had been sewn together but testified the mattresses had been sewn together when he acquired them. Porter testified the mattress looked "thick" when Manis moved it into the cell, but admitted he did not see it was two mattresses sewn together because he did not pay attention. The hearing officer found Manis guilty of misuse of State property, sanctioned him with 10 days of restricted privileges, and ordered him to pay $87.10 in restitution.

After exhausting his administrative remedies, Manis filed a petition for writ of habeas corpus with the district court. Manis alleged there was insufficient evidence supporting the disciplinary finding, his due process rights were violated because he was not allowed to call witnesses, and the hearing officer did not comply with the restitution process.

The district court summarily dismissed Manis' petition, stating: "Disciplinary segregation, in itself does not implicate constitutional rights. The Court sees no violation of protected liberty interests. There is nothing atypical about petitioner's confinement. Some evidence supports conviction. Petitioner allowed to call witness. Petitioner found in possession of altered property." Manis timely appealed.

ANALYSIS

To maintain a K.S.A. 2015 Supp. 60-1501 action, a prisoner must assert the deprivation of a constitutional right. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-807, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997).

If "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate." K.S.A. 2015 Supp. 60-1505(a). Therefore, "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," summary dismissal is appropriate. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). Courts must accept an inmate's factual allegations as true when determining whether this standard is met. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). Appellate courts exercise de novo review of a summary dismissal. *Johnson*, 248 Kan. at 649.

*The district court correctly concluded there was some evidence supporting the disciplinary conviction.*

Manis appears to argue there was insufficient evidence supporting the disciplinary action. Prison disciplinary cases are reviewed under the "some evidence" standard established in *Superintendent v. Hill*, 472 U.S. 445, 456, 105 S. Ct. 2768, 86 L. Ed. 2d

3

356 (1985). As long as "some evidence" supports the prison hearing officer's determination of a violation, the violation must be upheld. *Anderson*, 23 Kan. App. 2d at 810. "[A] conviction of even the gravest offense may be sustained by circumstantial evidence." *Starr v. Bruce*, 35 Kan. App. 2d 11, 14, 129 P.3d 583 (2005).

K.A.R. 44-12-208 states, in relevant part: "No inmate shall destroy, damage, deface, alter, misuse, or fail to return when due any article of property owned by the state, whether issued by the department of corrections or another state agency, including clothing and shoes."

Here, the hearing officer asked Manis whether he had the mattress and Manis responded affirmatively. Porter testified he was not paying attention when Manis moved the mattress in and, while the mattress was thick, he did not notice the mattress consisted of two mattresses sewn together. There was some evidence Manis violated K.A.R. 44-12-208, and summary dismissal of Manis' habeas corpus petition based on his insufficiency of the evidence claim was appropriate.

*The disciplinary hearing did not violate Manis' due process rights.*

Manis' petition alleges multiple violations of his due process rights. Determining the validity of Manis' claims requires a two-step analysis. First, this court must determine whether the State has deprived Manis of life, liberty, or property. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005). Here, Manis was assessed $87.10 in restitution. Thus, the first step of the analysis is satisfied. The second step requires determining the extent and nature of the process due. *Hogue*, 279 Kan. at 851.

> "With regard to prison disciplinary proceedings, the United States Supreme Court in
> *Wolff v. McDonnell,* 418 U.S. [539,] 553-56, [94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974),]
> recognized that there must be 'mutual accommodation between institutional needs and
> objectives' and the prisoner's rights. The Court concluded 'the full panoply of rights due a

4

defendant in [criminal] proceedings does not apply,' 418 U.S. at 556[,] and identified the limited rights which do apply in prison disciplinary proceedings. We have previously listed those rights recognized in *Wolff* as including:  'an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence.' [*In re*] *Pierpoint,* 271 Kan. [620,] 627[, 24 P.3d 128 (2001)]." *Hogue*, 279 Kan. at 851.

*Inability to call witnesses*

Manis alleges the hearing officer denied him the opportunity to call witnesses. He further alleges the hearing officer "did not give any reasons for the denial of witnesses." The record clearly reflects otherwise. The hearing officer approved Manis' request to have Porter testify. In addition, though the hearing officer denied Manis' request to have a staff member testify, the hearing officer indicated he denied Manis' request because the staff member "did not see the mattress when it was moved." Manis had the opportunity to call witnesses, and the hearing officer provided a reason for denying the witness Manis requested. Summary dismissal based on Manis' inability to call witnesses was appropriate because there was no due process violation.

*Restitution*

Manis claims the hearing officer did not comply with K.A.R. 44-12-1306(a)(5) when it imposed restitution. K.A.R. 44-12-1306(a)(5) states:

"The inmate shall be given notice in the disciplinary report or, if necessary, in an amended disciplinary report served upon the inmate no later than 24 hours before the hearing of the amount and basis for seeking restitution. The inmate shall be given an opportunity at the sentencing phase of the hearing to present evidence regarding the appropriate amount of restitution. The hearing officer shall limit the evidence to a reasonable amount and extent that is appropriate to the nature of the administrative

hearing, the level of the offense, and the extent of possible impact on the inmate's resources."

The record indicates Manis received a copy of the disciplinary report on June 22, 2015. The disciplinary report asked for restitution of $87.10 for repairs to the mattresses. The first part of the regulation was complied with as to reasonable notice.

Manis alleges the hearing officer denied him the right to present evidence regarding restitution. The record does not include any testimony or arguments regarding restitution. As a result, this court must accept Manis' allegation as true when determining whether summary dismissal was appropriate. The record does not indicate Manis had an opportunity to present evidence regarding the appropriate amount of restitution. Therefore, the record before this court is insufficient to establish Manis is entitled to no relief.

*Conclusion*

There was some evidence to support the disciplinary conviction, and the hearing officer did not violate Manis' due process rights by preventing him from calling witnesses. However, the record before this court is insufficient to determine whether the hearing officer violated Manis' due process rights by failing to comply with K.A.R. 44-12-1306. Thus, the district court erred when it summarily denied Manis' K.S.A. 2015 Supp. 60-1501 petition since he was challenging the amount of restitution ordered, and there is no record to support he was provided that opportunity.

Affirmed in part, reversed in part, and remanded for an evidentiary hearing on the restitution issue.