NOT DESIGNATED FOR PUBLICATION

No. 125,069

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RHEUBEN JOHNSON,
*Appellant*,

v.

JEFF ZMUDA, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER and JOSEPH L. MCCARVILLE III, judges. Opinion filed November 18, 2022. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*John D. Graves*, legal counsel, Kansas Department of Corrections, for appellees.

Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Rheuben Johnson, an inmate at the Hutchinson Correctional Facility, was previously incarcerated at the Winfield Correctional Facility. He brought this habeas corpus action under K.S.A. 60-1501, claiming that while he was incarcerated at Winfield he was deprived of his constitutional right to "liberty and/or property" without due process of law. The district court denied relief, and this appeal followed. Having thoroughly reviewed the record of these proceedings, we find no error in the district court's decision and affirm.

1

The incident giving rise to Johnson's claim occurred on the evening of June 21, 2019. At approximately 9 p.m., Johnson arrived at the Winfield Correctional Facility's medication line to pick up his snack bag. He had been at the prison library. He was not an employee of the library but had been in the library "working on his legal work." Upon Johnson's arrival at the medication line, Officer Venn asked him where he had been because the medication line closes at 8:45 p.m. Johnson responded that he had been working at the library. Officer Venn then asked Johnson if he worked at the library, and Johnson said yes.

Inmate Hershel Shepard overheard this exchange and confirmed that Johnson told Officer Venn that he had been working at the library, and that when Officer Venn asked Johnson if he worked in the library, Johnson responded that he did.

Officer Bishop also witnessed the exchange and confirmed in her narrative report the accuracy of Johnson's report of what was said. Moreover, she was aware that Johnson did not have a job at the prison and informed Officer Venn of this fact. Accordingly, Officer Venn filed a disciplinary report against Johnson, charging him with a violation of K.A.R. 44-12-303, which provides, in pertinent part:

> "Every inmate shall speak the truth. No inmate shall lie, misrepresent the facts, mislead, or give false or misleading information to an officer, employee, or any other person assigned to supervise inmates or others having a right to know. No inmate shall make any false allegations against any officer, employee, inmate, or other person." K.A.R. 44-12-303(a).

On the day of the hearing on Officer Venn's charge, Johnson acknowledged in writing that he (1) received a copy of the disciplinary report and was advised of the charge within 48 hours after issuance of the report; (2) submitted a request for witness forms within 48 hours after receipt of the disciplinary report; (3) received at least 24 hours' notice of the time of the hearing; (4) was advised at the beginning of the hearing of

2

the amount of restitution proposed and had the opportunity to submit contrary evidence regarding the value; and (5) was advised of the possible penalty involved with a plea or a finding of guilty. The hearing officer determined that Johnson was not in need of staff assistance pursuant to K.A.R. 44-13-408.

Johnson requested a continuance of the hearing, claiming that he needed more time to adequately prepare his defense. The hearing officer denied a continuance.

Johnson submitted requests for a number of witnesses. All but one—inmate Shepard—were denied. The others were either unavailable, deemed irrelevant, or not identified by Johnson by name or prison number. The request to call Officer Bishop as a witness was denied due to low staffing and because she had already submitted a narrative report, which was read into the record.

Johnson's testimony was consistent with the reports of Officers Venn and Bishop. But Johnson contended that his statements were truthful because he had been working at the library that evening; i.e., he had been in the library doing legal work on his criminal case rather than as a library employee.

Johnson called inmate Shepard to testify. Shepard's testimony also was consistent with the reports of Officers Venn and Bishop.

Based upon Officer Venn's written disciplinary report, Bishop's narrative report, and witness testimony, the hearing officer determined that Johnson's statements to Officer Venn constituted a violation of K.A.R. 44-12-303. The hearing officer imposed a sanction of 10 days' restriction of privileges and a $10 fine.

After exhausting his administrative remedies, Johnson commenced this action in the district court for habeas corpus relief under K.S.A. 60-1501. Though originally filed

in Shawnee County District Court, the case ultimately was transferred to Reno County where Johnson was currently incarcerated. The defendants moved to dismiss, and the court held a nonevidentiary hearing on the motion, following which the district court concluded that Johnson was not denied due process in the disciplinary hearing and dismissed Johnson's petition. In its journal entry, the district court stated:

> "The Court reviewed the due process petitioner received and finds that the requirements of Wolff v. McDonnell were satisfied, in that petitioner received the disciplinary report within 48 hours, had 24 hours' notice of his hearing and had an opportunity to present evidence and call witnesses. The hearing officer gave his reasons for not calling witnesses, which are explained in the decision. One witness was allowed because he was identifiable and offered testimony about what he heard. Petitioner was not denied due process."

Johnson's appeal brings the matter to us. Johnson claims on appeal that the district court erred in summarily dismissing his habeas corpus action because he had been denied his constitutional right to due process at the hearing on Officer Venn's disciplinary report by (1) not being allowed to call a specific mental health worker, Ramirez, as a witness, (2) not being given adequate time to identify all the inmates he wished to call as witnesses, (3) not being allowed to have staff assistance to help him identify those inmate witnesses, and (4) not having a fair and impartial hearing officer.

To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional nature. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

> "Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

4

Whether due process has been afforded is a question of law over which we have unlimited review. Thus, we review de novo the district court's summary dismissal of Johnson's K.S.A. 60-1501 petition for habeas corpus relief. See 289 Kan. at 649.

In prison disciplinary proceedings, an inmate has limited due process rights that consist of (1) written notice of the charges at least 24 hours before the hearing to enable the inmate to prepare a defense, (2) the opportunity to call witnesses and present documentary evidence, (3) an impartial hearing, and (4) a written statement of the findings by the factfinders as to the evidence and the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 553-56, 564-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

Moreover, to establish a valid due process claim, an inmate must show that the prison's challenged conduct resulted in the deprivation of liberty or property. *Johnson*, 289 Kan. at 649; see *Hogue*, 279 Kan. at 850-51. Here, the imposition of a $10 fine satisfies the element of deprivation of property. See *Sauls v. McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011).

With respect to proposed witness Ramirez, the definition of the word "work" is one that hardly calls for expert testimony. Besides, Johnson telling Ramirez that he worked on his legal papers in the library is quite different from the undisputed statement to Officer Venn that Johnson worked at the library—an assertion that could reasonably be taken to mean that Johnson was employed at the library and was not merely a library patron. Ramirez had nothing of significance to add to the undisputed facts, and her testimony would not have affected the outcome of the proceedings.

With respect to calling a number of fact witnesses and the unavailability of staff to help to identify them, Johnson does not suggest what they would have added to the proceedings or how they would have affected the ultimate outcome of the hearing, given

5

his undisputed exchange with Officer Venn. See *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012) (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, *reh. denied* 386 U.S. 987 [1967]). Johnson called inmate Shepard to testify that he overheard the exchange between Johnson and Officer Venn. Shepard confirmed that Johnson told Officer Venn that he had been working at the library and that when Officer Venn asked Johnson if he worked in the library, Johnson responded that he did. Johnson does not explain how the testimony of other inmates who were at the scene—once they were identified—would not have been merely cumulative.

On appeal, Johnson's briefing is somewhat imprecise in identifying specific aspects of the disciplinary hearing that violated his due process rights and some actual prejudice flowing from those ostensible violations. That may be because there is no underlying dispute about the material facts. Johnson agreed with the factual representations in Officer Venn's disciplinary report so he had a full and fair opportunity to present his account of the facts. We gather at least some, if not all, of the witnesses he wished to call were to establish that he had been in the library doing research on his case that evening or that he regularly was in the library for the purpose. But the hearing officer accepted that to be correct. Johnson was disciplined for what Officer Venn understood to be his claim that he had an assigned job at the library, i.e., that he "worked at" the library. And Johnson agrees he did not have such an assigned job.

We cannot set aside a disciplinary finding if it is supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999). For that purpose, a reviewing court must accept the evidence duly admitted in the disciplinary process in a light most favorable to the penal institution and, therefore, must resolve conflicts in the evidence against the inmate. *Hill*, 472 U.S. at 455-56; *Sammons*, 267 Kan. at 158 (quoting *Hill*, 472 U.S. at 455-56). The hearing officer saw Johnson and his witness

6

testify and determined their assessment of the exchange with Officer Venn was unpersuasive. Ultimately, Johnson is asking us to reweigh the evidence rather than find a due process violation that deprived him of a fair hearing.

We find no error in the district court's summary dismissal of Johnson's K.S.A. 60-1501 habeas corpus petition.

Affirmed.