NOT DESIGNATED FOR PUBLICATION

No. 126,688

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH DAVID MCNELLY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Submitted without oral argument. Opinion filed January 10, 2025. Affirmed.

*Charles C. Lindberg*, of Allen & Associates Law, LLC, of McPherson, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and COBLE, JJ.

PER CURIAM: Kenneth David McNelly appeals the district court's summary dismissal of his fourth K.S.A. 60-1507 motion, filed more than 20 years after his conviction became final. The district court dismissed McNelly's motion as untimely and successive. McNelly argues his motion established exceptional circumstances to consider his procedurally barred motion by showing a colorable claim of actual innocence and asks us to remand for an evidentiary hearing on the merits of his claim. After considering these claims closely, we conclude that McNelly's fourth K.S.A. 60-1507 motion was untimely, and he has failed to demonstrate manifest injustice or a colorable claim of actual innocence. Thus, we affirm the district court's summary denial of Williams' K.S.A. 60-1507 motion.

1

*Factual and Procedural Background*

In 1999, a jury convicted McNelly of eight counts of rape and single counts of aggravated sodomy and aggravated indecent liberties with a child for crimes committed against S.M. McNelly appealed, relying on recantations that S.M. and her mother had made after trial. *State v. McNelly*, No. 84,552, 2002 WL 35657180, at *1 (Kan. App. 2002) (unpublished opinion). S.M.'s mother testified at trial that McNelly had confessed to her that he had abused S.M. But after trial she wrote the judge to recant her testimony that McNelly had confessed to her, explaining that she had so testified to avoid an adverse ruling in her children's pending child in need of care case. S.M. also recanted her allegations against McNelly while his direct appeal was pending.

McNelly moved for new trials based on each recantation. Our court stayed McNelly's appeal to allow review in the district court, and the district court denied both motions. As for S.M.'s recantation, the district court found it was motivated by a sense of loyalty to her mother and McNelly and a desire to reunite the family. We affirmed the district court's rulings related to both recantations. 2002 WL 35657180, at *4-5. In denying a separate claim of cumulative error, the panel noted that the "evidence against [McNelly] was overwhelming." 2002 WL 35657180, at *6.

McNelly later filed three untimely and unsuccessful K.S.A. 60-1507 motions: in 2003, 2004, and 2010. *McNelly v. State*, No. 107,386, 2013 WL 2918485, at *1-2 (Kan. App. 2013) (unpublished opinion). He filed his fourth K.S.A. 60-1507 motion, which forms the basis for this appeal, in 2022. As a part of this motion, McNelly claimed that he has new evidence to prove his actual innocence. He attached a letter from a nurse practitioner (Jennifer L. Johnson), criticizing trial testimony by the pediatrician (Dr. Debra DeBiasse) who had examined S.M. for physical abuse.

2

Relying on Johnson's letter, McNelly argued that his counsel was ineffective for failing to consult a similar expert or to present similar evidence attacking DeBiasse's testimony at trial. He made similar allegations against his initial 60-1507 counsel. And to overcome procedural bars, McNelly claimed that his actual innocence establishes exceptional circumstances, entitling him to an evidentiary hearing.

The district court denied McNelly's motion as untimely and successive. The district court found that McNelly failed to explain why he had not raised his claim of innocence in his previous 60-1507 motions. And the district court found Johnson's letter and its 23-years posttrial critique of DeBiasse's testimony was not "new evidence" as contemplated under the statute, so it failed to establish a colorable claim of actual innocence.

McNelly timely appeals.

*Did the District Court Err in Dismissing McNelly's Fourth K.S.A. 60-1507 Motion?*

McNelly asserts that he established a viable actual innocence claim based on new evidence and was thus entitled to an evidentiary hearing on his motion. He does not dispute that his motion is untimely and successive, but he argues that reversal for a hearing is required because he established a gateway claim of actual innocence and thus showed exceptional circumstances to avoid summary dismissal. We disagree.

When a district court summarily denies a K.S.A. 60-1507 motion, an appellate court reviews de novo whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). We focus here on the district court's ruling that McNelly's motion was untimely.

3

A defendant must file a K.S.A. 60-1507 motion within one year from when his or her conviction becomes final. K.S.A. 2023 Supp. 60-1507(f). McNelly's conviction became final when the mandate was issued in his direct appeal on July 21, 2014. See K.S.A. 2023 Supp. 60-1507(f)(1)(A) ("Any action under this section must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction.").

A court may extend the time limitation in K.S.A. 60-1507(f) only to prevent manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(2). In making this manifest injustice determination, the court is limited to determining why the movant failed to file the motion within the one-year period or whether the movant makes a colorable claim of actual innocence. K.S.A. 2023 Supp. 60-1507(f)(2)(A).

McNelly concedes that he filed this motion outside the statute's one-year deadline, but he argues that we should excuse his untimeliness because he can show manifest injustice. Yet McNelly fails to show why he failed to file this motion within the one-year period. The district court found that McNelly did not explain why he had not gotten a similar expert report before filing his previous K.S.A. 60-1507 motions in 2003, 2004, or 2010, and McNelly does not challenge that finding.

Instead, McNelly tries to show a colorable claim of actual innocence. K.S.A. 2023 Supp. 60-1507(f)(2)(A). To establish a claim of actual innocence, the movant must show that "it is more likely than not that no reasonable juror would have convicted [the defendant] in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). To meet this burden, McNelly relies on a letter from a sexual assault nurse examiner, Johnson. Johnson's letter alleged that DeBiasse failed to follow appropriate standards when examining S.M. Johnson also challenged DeBiasse's characterization of S.M.'s genitalia and her means of identifying and measuring potential signs of injury or abuse. Johnson claimed that DeBiasse's testimony lacked scientific support. She opined:

4

- DeBiasse could not have observed what she claimed she had at trial; and
- the victim's physical trait that DeBiasse allegedly observed would not reasonably indicate penetration.

Yet McNelly does not explain why Johson's letter is new evidence or how it establishes a colorable claim of innocence under the applicable standards. McNelly raised a similar claim on direct appeal, arguing that DeBiasse's testimony about the evidence of S.M.'s vaginal penetration was inconclusive, and a panel of this court rejected that claim. *McNelly*, 2002 WL 35657180, at *1-2.

Instead, McNelly cites *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018), and *Skaggs v. State*, 59 Kan. App. 2d 121, Syl. ¶ 7, 479 P.3d 499 (2020). We have reviewed those cases and the record here. We find the evidence that McNelly now presents does not rise to the level of new evidence considered in *Beauclair*, *Skaggs*, and similar cases. See, e.g., *Filbert v. State*, No. 125,155, 2023 WL 3563438, at *5-9 (Kan. App. 2023) (unpublished opinion) (reversing summary dismissal of 60-1507 motion where sex offender movant provided expert opinions, obtained after trial, rebutting trial expert testimony). After reviewing McNelly's motion and the trial record, we are convinced that a reasonable juror would not have changed their verdict based on the expertise that could be provided by Johnson or someone similar.

The district court reasonably denied McNelly's attempt to challenge DeBiasse's testimony based on standards adopted years after DeBiasse had conducted her examination. DeBiasse examined the victim in 1999, but Johnson's letter criticizing DeBiasse's testimony was not until July 2022. Johnson does not state that she applied the standards for the reasonable degree of medical certainty that applied in 1999 or explain which medical standards she relied on when reviewing DeBiasse's testimony, but her letter references authorities from 2005, 2016, and 2018. It also explains that she earned her master's degree in nursing in 2002, began providing medical forensic examinations

5

and case evaluations in 2005, and became certified as a sexual assault nurse examiner in 2007 and 2009. So Johnson challenges DeBiasse's testimony based on standards used long after DeBiasse's examination.

McNelly thus could not succeed on his claim that counsel's performance at trial was deficient based on Johnson's letter—nothing shows that counsel, at the time of McNelly's 1999 trial, could have discovered Johnson's opinion or the facts on which it was based. See *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 (2012) (counsel provides constitutionally deficient representation when conduct was objectively unreasonable; courts are highly deferential when reviewing alleged deficiencies and make every effort to eliminate distorting effects of hindsight).

But even if the facts alleged in Johnson's letter are true, see *Skaggs*, 59 Kan. App. 2d at 137 (citing *Hogue v. Bruce*, 279 Kan. 848, Syl. ¶ 1, 113 P.3d 234 [2005]), we do not find that the letter would more likely than not cause any reasonable juror to have reasonable doubt. See *House v. Bell*, 547 U.S. 518, 538-39, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006); see also *Beauclair*, 308 Kan. at 301 (adopting standard from *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 [1986], and its progeny). Johnson's opinions do not completely contradict DeBiasse's testimony. And Johnson does not suggest in her letter that S.M. was not sexually abused by McNelly or that DeBiasse's observations provide evidence which would falsify S.M.'s allegations. Rather, Johnson's letter primarily opines that DeBiasse's examination was procedurally flawed.

Johnson's testimony, if admissible, thus may have changed the weight that the jury gave to DeBiasse's testimony, but this does not mean that a reasonable juror would more likely than not form a reasonable doubt of McNelly's guilt. Even if McNelly had admitted evidence attacking DeBiasse's testimony in the way that Johnson does, the jury could have still credited some or all of DeBiasse's testimony and found McNelly guilty beyond a reasonable doubt. After all, the physical evidence, as related by DeBiasse, was not the

6

sole evidence of McNelly's guilt. The jury also heard S.M.'s testimony, viewed her recorded interview with the Kansas Department of Social and Rehabilitation Services, heard testimony from S.M.'s therapist, and heard family members testify about S.M.'s description to them of McNelly's abuse and about his confession to S.M.'s mother. In short, the evidence against McNelly was overwhelming. 2002 WL 35657180, at *6. It cannot be said that McNelly's counsel's failure to present this evidence "probably resulted in the conviction of one who is actually innocent." See *Carrier*, 477 U.S. at 496. Thus, McNelly cannot overcome the procedural barrier for his late filing of this motion.

McNelly has failed to present any new evidence to support a colorable claim of actual innocence, as required by K.S.A. 2023 Supp. 60-1507(f)(2)(A). See *Taylor v. State*, No. 122,164, 2021 WL 2021526, at *5 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. 859 (2022). He thus fails to show manifest injustice, as is necessary to excuse his untimeliness. We need not decide whether his fourth K.S.A. 60-1507 motion was also successive.

McNelly's motion was untimely under K.S.A. 2023 Supp. 60-1507(f)(1), and no statutory exception excuses this delay. Thus, the district court did not err by summarily denying McNelly's K.S.A. 60-1507 motion as untimely.

Affirmed.