**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 15, 2006**

**TENTH CIRCUIT**

JAMES KUCERA, JR.,

      Petitioner - Appellant,

v.

DUKE TERRELL, Warden, USP-
Leavenworth,

      Respondent - Appellee.

No. 06-3304

(D. Kansas)

(D.C. No. 06-CV-3208-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit
Judges.

---

James Kucera, an inmate at the United States Penitentiary in Leavenworth,

Kansas, applied for a writ of habeas corpus under 28 U.S.C. § 2241 from the

United States District Court for the District of Kansas. The district court

dismissed his application, and he appeals. We have jurisdiction under 28 U.S.C.

§ 1291. *See McIntosh v. U. S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir.

---

[*]After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1997) ("[A] certificate of appealability . . . is not required . . . to appeal a final order in a proceeding under 28 U.S.C. § 2241."). We affirm.

Mr. Kucera raises three related issues on appeal: (1) that his Sixth Amendment right to confront witnesses at his disciplinary hearing was denied; (2) that the prison administration and the disciplinary hearing officer denied his constitutional right to procedural due process and violated prison regulations when they did not permit him to call particular witnesses at his disciplinary hearing; and (3) that 28 C.F.R. § 541.17, a Bureau of Prisons regulation governing prison disciplinary hearings, is unconstitutional.

The first of these issues is easily resolved. The Sixth Amendment right to confront one's accusers is available only in criminal trials. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Taylor v. Wallace*, 931 F.2d 698, 701 (10th Cir. 1991) ("*Wolff* does not require the confrontation and cross-examination of witnesses in prison disciplinary proceedings.").

Mr. Kucera's second claim similarly lacks merit. As the district court found, all witnesses that Mr. Kucera formally requested were called at his disciplinary hearing. Although on appeal he contends that prison officials physically prevented him from writing the names of his requested witnesses on the required form, he did not raise this contention in the district court, and he

cannot present it now for the first time.  *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005).

As for his third claim, Mr. Kucera's challenge to 28 C.F.R. § 541.17 in district court was based exclusively on *Crawford v. Washington*, 541 U.S. 36 (2004), a Sixth Amendment case.  But as we have noted, the Sixth Amendment does not guarantee prisoners the right to confront their accusers in a disciplinary hearing.  Mr. Kucera attempts to mount a somewhat broader attack on the regulation on appeal, but because he did not raise these arguments before the district court, he cannot do so now.  *See Parker*, 394 F.3d at 1307.

We AFFIRM the district court's judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge