NOT DESIGNATED FOR PUBLICATION

No. 122,094

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERMANE D. LOWE,
*Appellant*,

v.

DAN SCHNURR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 10, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, of Kansas Department of Corrections, for appellee.

Before POWELL, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: Jermane D. Lowe, an inmate, appeals the district court's dismissal of his K.S.A. 60-1501 petition. Lowe claims the hearing officer violated his due process right to confront and cross-examine a witness at his disciplinary hearing. Although Lowe is correct that the hearing officer violated administrative regulations, he fails to show a due process violation. We thus affirm.

1

*Factual and Procedural Background*

Lowe is an inmate at the Hutchinson Correctional Facility (HCF). In February 2019, Captain E. Peppiatt filed a disciplinary report against Lowe for violating K.A.R. 44-12-314, sexual activity, and K.A.R. 44-12-315(a), lewd acts. The report stated:

"[O]n 21 Feb. 2019 myself and UTS R. Hurt were conducting east yards checks. When I came to the front of Greenbush, I looked into the stairwell and saw inmate Anderson #114704 quickly stand up and started wiping his mouth. Inmate Lowe #6008638 was standing in front of where inmate Anderson was kneeling, zipping up his pants. When he finally turned around his pants were still partially unzipped. Both were restrained and taken to RHU."

Before his disciplinary hearing, Lowe submitted a witness request for the security video and inmates Miles and Delacadena-Edwards.

At the hearing, the security video showed Lowe and Anderson descend a set of stairs and then motion to two other inmates to wait at the top. Lowe and Anderson then moved out of the camera's view. The video later showed Peppiatt and Hurt walking along the outside of the building, going into a doorway near the stairs, and returning with Lowe and Anderson, handcuffed.

Lowe testified that it was a "funny looking situation" and looked bad. But he said he was too large to see around, he would not have known if his fly was down, and he would not engage in oral sex with another inmate.

Delcadena-Edwards and Miles, who had waited at the top of the stairs during the incident, testified on Lowe's behalf. While Miles testified that there were four inmates at the stairs, Delacadena-Edwards testified that only he, Lowe, and Miles were there.

2

The hearing officer then introduced a note that someone had found in Delacadena-Edwards' cell. Lowe had written the note, instructing Delacadena-Edwards to "stick to the script" and to deny knowing what Lowe had yelled to him from the bottom of the stairs.

The hearing officer then introduced the testimony of Peppiatt and Hurt. The summary of the disciplinary hearing states:

"CCII Hurt was sworn in as a witness. Hurt stated 'I was with Peppiatt and as we walked by the Greenbush building I saw Anderson sitting down in front of Lowe. We walked back up to the building. At that time Anderson stood up & wiped off his mouth. Anderson then tried to go up the stairs. Lowe was messing with his waist area. Lowe refused to turn around when Captain Peppiatt told him to. His pants were unzipped. We put them both in restraints and took them to seg.'

"The hearing officer ask[ed] Hurt if any bodily fluids were present. Hurt answered 'Not that I saw.'

"CPT Peppiatt was sworn in as the reporting officer. Lowe ask[ed] 'Did you see any sexual act?' Peppiatt answered 'I saw what I suspected was a sexual act.' Lowe ask[ed] 'Are you 100% sure?' Peppiatt answered 'Body language would indicate that is what was going on. That is why I wrote the [disciplinary report].' Lowe ask[ed] 'How was I positioned?' Peppiatt answered 'You had your back towards the glass door. Anderson was in front of you, Anderson stood up. Your hands were around your groin region.' Lowe ask[ed] 'Did you see my groin, or my penis?' Peppiatt answered 'No, but when you turned around your zipper was unzipped.' The hearing officer ask[ed] Peppiatt if any bodily fluids were present. Peppiatt answered 'No, he did have some toilet paper or a paper towel in his hand. It could have been used to wipe up a fluid.' Lowe ask[ed] 'Did you confiscate the paper?' Peppiatt answered 'No, you had them in your hand on the way to RHU.' Lowe stated 'My pants weren't unzipped.'"

Based on Peppiatt and Hurt's testimony, the hearing officer found Lowe guilty of sexual activity and lewd acts. Part of Lowe's sanction was a $5 fine.

Lowe appealed to the Secretary of Corrections. He claimed, among other things, that the hearing officer violated K.A.R. 44-13-403 because Hurt was not present at the hearing and so was unavailable for cross-examination. Lowe also claimed this violated procedural due process. But a designee of the Secretary of Corrections approved the decision of the hearing officer. The designee ruled that the disciplinary hearing complied with the department and facility standards and procedures and that the decision was based on some evidence.

To satisfy due process protections, there need only be "some evidence" in a prisoner disciplinary proceeding supporting the hearing officer's determination of a violation. *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Sammons v. Simmons*, 267 Kan. 155, 158-59, 976 P.2d 505 (1999) (recognizing *Hill* as supplying the governing standard). This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be made. Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there exists any evidence in the record to support the conclusion reached by the disciplinary board. See *Anderson v. McKune*, 23 Kan. App. 2d 803, 807-08, 937 P.2d 16 (1997).

Lowe then filed a K.S.A. 60-1501 petition in the district court. Lowe claimed the hearing officer had violated his due process rights, again citing his right to confront Hurt. HCF responded. As to Lowe's right to confront Hurt, HCF argued that the United States Constitution does not extend this due process right to inmates, citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

The district court held a hearing on Lowe's petition. HCF admitted Hurt was not present at the disciplinary hearing and Lowe had no opportunity to cross-examine him.

Yet the district court found that the hearing officer did not violate Lowe's due process rights. Its journal entry states:

> "The reporting officer testified in accordance with the disciplinary report. The other employee with the reporting officer was interviewed by the hearing officer outside the presence of petitioner. The hearing officer's decision did include references to the testimony of the other employee.
>
> . . . .
>
> "Petitioner also claims he was denied due process because he could not cross examine the employee who was interviewed outside his presence. While it would have been better for the questioning to have taken place in petitioner's presence, the other evidence properly before the hearing officer was more than sufficient to provide 'some evidence' to support the convictions.
>
> . . . .
>
> "Petitioner was not denied due process in his disciplinary hearing.
>
> "Petitioner's petition is dismissed. Costs of $20 are assessed."

Lowe timely appeals.

*Did the Hearing Officer Violate Due Process by Failing to Provide Lowe the Opportunity to Confront and Cross-Examine a Witness During a Disciplinary Hearing?*

Lowe argues the hearing officer violated his due process rights because he could not confront and cross-examine Hurt. Citing the United States Constitution's Sixth and Fourteenth Amendments, Lowe asks this court to reverse his disciplinary violations. We exercise unlimited review when, as here, the gravamen of a defendant's complaint concerns a constitutional due process challenge. *State v. Wade*, 284 Kan. 527, 534, 161 P.3d 704 (2007).

*Analysis*

Two regulations of the Kansas Department of Corrections apply here. The first, K.A.R. 44-13-101(c)(6), generally provides that an inmate is entitled to confront and cross-examine witnesses against the inmate:

"Subject to the limitations and guidelines set out in these regulations and subject to the control of the hearing officer exercised within the parameters of the law and these regulations, the inmate shall be entitled to the following:

    (1) To receive advance written notice of the charge and a fair hearing by an impartial hearing officer;

    (2) to be present at the hearing;

    (3) to present documentary evidence;

    (4) to testify on the inmate's own behalf;

    (5) to have witnesses called to testify on the inmate's behalf;

    (6) to confront and cross-examine witnesses against the inmate; and

    (7) to be furnished with staff assistance according to K.A.R. 44-13-408."

The second regulation, K.A.R. 44-13-403(1)(1) and (q), generally states that each staff member the hearing officer calls as a witness shall be compelled to appear, and that the hearing officer shall not receive testimony or evidence outside the presence of the accused inmate, with certain exceptions:

"(l)(1) The disciplinary process shall, to the extent possible, discover the truth regarding charges against the inmate. For this purpose, the hearing officer shall be authorized to call and to interrogate any witness, and each inmate, staff member, volunteer, or contract employee called as a witness by the hearing officer shall be compelled to appear. The hearing officer may bring out the facts by direct or cross-examination but shall not act as prosecutor on behalf of the facility or charging officer against the accused inmate, or on behalf of the inmate. Testimony and evidence shall not be received by the hearing officer or introduced outside the presence of the accused inmate, except that the accused inmate shall not be present when the hearing officer

6

reviews any facility security videotape evidence. An inmate shall not be required to be present at the disciplinary hearing as provided in subsections (d), (e), and (m) and K.A.R. 44-13-402(b)(5), and as otherwise provided in these regulations.

. . . .

"(q) Confrontation and cross-examination may be denied by the hearing officer if deemed necessary in any case except class I cases. In class I cases, confrontation and cross-examination may be limited or denied if necessary to protect the safety of an accuser, informant, or witness or if necessary to maintain facility safety, security, and control. Unless there is a security risk endangering some person, the explanation shall be in the record. If there is such a security risk, a written explanation of the reason shall be sent to the warden with a copy to the secretary for confidential review. However, an inmate held in administrative or disciplinary segregation whose hearing is conducted by telephone, as provided by K.A.R. 44-13-404(e), shall not be permitted to confront any witnesses against the inmate, including the reporting officer."

This was a class I case. HCF admits that Hurt was not present at the hearing. And the record does not include any explanation why he was not there. Thus, the hearing officer violated this regulation.

Even so, a hearing officer's violation of KDOC regulations does not, by itself, compel this court to interfere. See *Anderson*, 23 Kan. App. 2d at 810 ("'Maintenance and administration of penal institutions are executive functions and it has been said that before courts will interfere the institutional treatment must be of such a nature as to clearly infringe upon constitutional rights, be of such character or consequence as to shock general conscience or be intolerable in fundamental fairness.'") (citing *Levier v. State*, 209 Kan. 442, 450-51, 497 P.2d 265 [1972]). Our Supreme Court recognized this principle in *Hogue*:

"'The mere fact that a hearing officer in a prison discipline case has not followed [Department of Corrections] procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas

7

corpus alleging procedural errors at a prison disciplinary hearing must fail.'" *Hogue v. Bruce*, 279 Kan. 848, 855-56, 113 P.3d 234 (2005).

Lowe alleges that he shows more here—a violation of his constitutional due process rights. An inmate claiming a violation of his or her constitutional rights in a habeas proceeding carries the burden of proof. See *Anderson*, 23 Kan. App. 2d at 807. Lowe contends that the basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Yet he contends he had no meaningful opportunity to be heard because he could not cross-examine Hurt and was not present when Hurt "testified." And Lowe contends that Hurt's absence prevented him from presenting his theory of defense.

We apply a two-step analysis to review an inmate's claim of a due process violation in a K.S.A. 60-1501 proceeding. First, we determine whether the correctional facility deprived the inmate of a recognized liberty or property interest. *Hogue*, 279 Kan. at 850-51. The imposition of a fine implicates an inmate's property interest. *Stano v. Pryor*, 52 Kan. App. 2d 679, 682, 372 P.3d 427 (2016). Lowe was fined $5 for engaging in sexual activity, so his claim raises a constitutionally protected property interest.

Second, we determine whether the inmate received the extent and nature of the process due to him under the circumstances. *Hogue*, 279 Kan. at 851. But a prisoner's constitutional rights are less extensive than a defendant's rights in a criminal proceeding. *Wolff*, 418 U.S. at 556. Because there must be a mutual accommodation between a prison's needs and objectives and the prisoner's rights, "the full panoply of rights due a defendant in [criminal] proceedings does not apply." 418 U.S. at 556. A prisoner's rights recognized in *Wolff*, 418 U.S. at 563-66, include:

- an impartial hearing;
- a written notice of the charges to enable inmates to prepare a defense;

8

- a written statement of the findings by the fact-finders as to the evidence and the reasons for the decision; and
- the opportunity to call witnesses and present documentary evidence.

"*Wolff* did not require the right to confront and cross-examine witnesses or the right to counsel in all cases." *In re Pierpoint*, 271 Kan. 620, 627-28, 24 P.3d 128 (2001).

Instead, confrontation and cross-examination are generally not required in prison disciplinary hearings:

> "Although some States do seem to allow cross-examination in disciplinary hearings, we are not apprised of the conditions under which the procedure may be curtailed; and it does not appear that confrontation and cross-examination are generally required in this context. We think that the Constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *Wolff*, 418 U.S. at 567-68.

After weighing the potential problems that could arise from an inmate's cross-examination, the Supreme Court concluded that "[t]he better course at this time, in a period where prison practices are diverse and somewhat experimental, is to leave these matters to the sound discretion of the officials of state prisons." 418 U.S. at 569.

As a result, the United States Constitution does not require the hearing officer to allow Lowe to confront and cross-examine Hurt. See *In re J.D.C.*, 284 Kan. 155, 167, 159 P.3d 974 (2007) (citing *Wolff*, 418 U.S. at 567-68: "rights of cross-examination and confrontation [are] not universally applicable to prison disciplinary hearings"); *Taylor v. Wallace*, 931 F.2d 698, 701 (10th Cir. 1991) (stating due process does not require the confrontation and cross-examination of witnesses in prison disciplinary proceedings); see also *Kucera v. Terrell*, 214 Fed. Appx. 729, 730 (10th Cir. 2006) (unpublished opinion)

("The Sixth Amendment right to confront one's accusers is available only in criminal trials.").

Our courts have consistently held the same. See *Washington v. Roberts,* 37 Kan. App. 2d 237, 242, 152 P.3d 660 (2007) (acknowledging *Wolff* weighs against a constitutional due process right to confront and cross-examine witnesses); *Rincon v. Schnurr*, No. 114,670, 2016 WL 3031284, at *3 (Kan. App. 2016) (unpublished opinion) (presuming Rincon had no due process right to confront and cross-examine an adverse witnesses, based on *Wolff*).

Lowe makes no separate claim that the hearing officer violated the Kansas Constitution. And the general rule in Kansas is that we interpret the Kansas Constitution similarly to its federal counterpart even though the language may differ. See *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013) ("But, at least for the past half-century, this court has generally adopted the United States Supreme Court's interpretation of corresponding federal constitutional provisions as the meaning of the Kansas Constitution, notwithstanding any textual, historical, or jurisprudential differences."). So Lowe errs in asserting that the hearing officer violated his constitutional due process rights to confront and cross-examine Hurt.

We now turn to Lowe's assertion that Hurt's absence deprived him of due process because it prevented him from presenting his theory of defense—that no one saw any sex act or lewd behavior. Lowe wanted to ask Hurt questions to bring out his theory of defense. But Hurt's testimony *confirmed* Lowe's theory of defense. Both Peppiatt and Hurt admitted they did not see the sex act but inferred it from the circumstances. Lowe questioned Peppiatt on this point, focusing on her inability to see any act being performed. Peppiatt confirmed that they inferred the lewd act from the circumstances. Hurt's testimony to the hearing officer only affirms Lowe's cross-examination of Peppiatt and supports Lowe's theory of defense. Hurt said she only saw Anderson stand up and

10

wipe off his mouth and Lowe messing with his waist. Hurt did not testify she clearly saw a sex act. Lowe does not show on appeal that his cross-examination of Hurt would have added anything to his theory of defense.

Lowe also alleges the hearing officer lied in saying CCII Hurt was sworn in as a witness. So Lowe wanted to ask Hurt whether the hearing officer had sworn him to tell the truth. We agree that was an important fact. The taking of an oath confers a degree of trustworthiness to a written representation and, in turn, aids a fact-finder in sorting out truth from mendacity. See *Clark v. State*, No. 109,982, 2014 WL 4916462, at *2 (Kan. App. 2014) (unpublished opinion) ("The solemnity of an oath and the possibility of criminal prosecution for knowingly making a false representation lend some trustworthiness to a written statement.") But as detailed above, Hurt's testimony was of the same kind and to the same point as was Peppiatt's testimony, which Lowe challenged through cross-examination. Because it was cumulative, it did not prejudice Lowe. So even had Lowe shown that Hurt's statements were unsworn and should have been disregarded, Lowe can show no prejudice.

Lowe thus fails to show the disciplinary hearing was fundamentally unfair to the extent it violated due process. See *Washington*, 37 Kan. App. 2d at 242 (finding no due process violation based on the charging officer's physical absence from the disciplinary hearing where charging officer was placed under oath, testified by telephone, and petitioner was able to question her concerning the incident); *Rincon*, 2016 WL 3031284, at *3 (denying relief on petitioner's claim that hearing officer violated his due process right to confront and cross-examine a witness when the hearing officer admitted absent non-prison employee's unsworn statement against petitioner).

Although we do not condone the hearing officer's error in failing to comply with K.A.R. 44-13-403(l)(1) and (q), the district court properly found no violation of Lowe's due process rights.

11

Affirmed.